**HUI XIANG WANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 07–3648–ag.

United States Court of Appeals, Second Circuit.

April 10, 2008.

Liu Yu, New York, New York, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Hui Xiang Wang, a native and citizen of China, seeks review of the August 7, 2007 order of the BIA affirming the February 24, 2006 decision of Immigration Judge ("IJ") Sandy Hom, denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Xiang Wang*, No. A97 958 168 (B.I.A. Aug. 7, 2007), *aff'g* No. A97 958 168 (Immig. Ct. N.Y. City Feb. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA declined to sustain the IJ's finding that Wang was not credible, but otherwise affirmed the decision in all respects. Thus, we review the IJ's decision as supplemented and modified by the BIA, minus the IJ's finding that Wang was not credible.

The Court reviews *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007).

As an initial matter, to the extent that Wang has not challenged the denial of his applications for withholding of removal and CAT relief before this Court, or raised any argument regarding his alleged past persecution, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Substantial evidence supports the agency's determination that Wang failed to establish a well-founded fear of persecution. To establish eligibility, an asylum applicant must show that he or she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42).

Here, the IJ reviewed the difficulties experienced by members of underground churches in China and appropriately relied on the 2005 United States Department of State Report, which indicates that the center of the difficulty appears to be aimed at religious leaders or Papal authority. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). The IJ noted that Wang "has never been a leader, master, teacher, priest, minister[,] or conferred with any ecclesiastical office or degree," and Wang does not now suggest otherwise. This evidence supports the agency's determination that Wang failed to show an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Contrary to Wang's argument, the fact that Wang's father was detained for a period of time does not necessitate a finding that Wang has an objective fear of persecution, particularly when Wang's family continues to live in China and practice their religious faith without experiencing any further difficulty. As the BIA noted, Wang claimed that the police only detained his father in an effort to compel Wang to come forward and reveal the location of their priest. Wang has not presented any evidence that his family members are still being bothered in an effort to find him, or otherwise face difficulties due to their religious practice. In sum, we cannot say that any reasonable adjudicator would be compelled to conclude that Wang has a well-founded fear of future persecution. 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.